UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hector Diaz, *on behalf of himself and all others similarly situated,*

                              *Plaintiffs*,

-against-

Motivate LLC,

                              *Defendant.*

**RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Hector Diaz ("Plaintiff Diaz" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Motivate LLC ("Defendant" or "Motivate LLC") as follows:

1. Plaintiff and the proposed class work and have worked in a variety of roles including, but not limited to Bike Mechanics, Service Delivery Drivers, On Call Valet Attendants, Depot Battery Chargers, Battery Swap Drivers, Operations Associates, Mobile Bike Shop Technicians, Assembly Technician, Station Service Technicians, Seasonal Scooter Driver, Mobile Bike Shop Technician, Battery Swap and Charging Driver, Scooter Drivers, and Delivery Drivers, in the State of New York, performing physical labor, and being paid bi-weekly.

2. Defendant's bi-weekly payment of Plaintiff and other similarly situated manual workers is in violation of NYLL § 191(1)(a) which requires weekly payment of Manual Workers.

3. Defendant's late wage payments resulted in Plaintiff missing approximately ten credit card payments, resulting in late fees, interest charges, and negatively impacting his credit score. Defendant's conduct also deprived Plaintiff of the time-value of his earned wages, impairing his ability to save, invest, and utilize his wages in a timely manner as well as disrupting the payment of monthly expenses.

1

## THE PARTIES

4. Hector Diaz an adult individual who is a resident of Bronx County in the State of New York.

5. Plaintiff Diaz has worked for Defendant from April 5, 2022 to the present.

6. Defendant is a foreign limited liability company organized in Kings County in the State of New York and existing under the laws of Delaware.

7. Defendant has a service of process address in the care of Corporation Service Company at 80 State Street, Albany, New York 12207 - 2543.

8. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and all other similarly situated employees.

9. Defendant has maintained control, oversight, and direction over Plaintiff and all other similar employees, including timekeeping, payroll, and other employment practices that applied to them.

10. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state while

Defendant Motivate LLC is a citizen of Delaware.

12. There are over 200 members in the proposed class.

13. Defendant is subject to personal jurisdiction in New York as it does business in New York.

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

**Defendant's Structure and Organization**

15. Motivate LLC operates customized bicycle, electric bicycle, "e-moped scooter," electric tricycle, and delivery trailer fleets meeting customers' environmentally friendly transportation needs while maintaining servicing, charging and distribution depots and other related facilities in the New York City metropolitan area as well as the Chicago, Washington DC, Boston, San Francisco, Minneapolis, Columbus Ohio, and Portland Oregon metropolitan areas.

16. Motivate LLC had approximately $100 million in revenue in 2021 and employs over 1500 people in the United States.

17. Upon information and belief, Motivate LLC is contracted to service some or all of the bikes used by the Citi Bike program, the most prolific bike sharing program in New York City.

18. Motivate LLC locations include the employees working in the following roles and/or holding the below titles, all of whom perform physical tasks and are paid hourly (except where noted), on a bi-weekly basis.

19. A Bike Mechanic is entry level worker who maintains, services, and repairs

bikes at bike depots;

20. A Seasonal Part Time Delivery Service Driver loads and unloads vehicles with bikes; docks and undocks bikes at stations, cleans vehicles, and performs minor maintenance;

21. An On Call Valet Attendant often works outdoors and docks and undocks bikes at stations and generally maintains docking stations;

22. A Service Delivery Field Operations Specialist performs complicated bike and electric bike repairs and diagnostics and battery swaps;

23. A Station Technician maintains stations, station terminals, docking points, and station components, and provides spot maintenance and technical assistance;

24. A Part Time Seasonal Battery Swap Driver removes, chargers, and replaces batteries;

25. A Battery Swap and Charging Driver relocates bikes and replaces batteries;

26. A Full Time Seasonal Delivery Driver relocates bikes;

27. A Mobile Bike Shop Technician performs repairs and maintenance in the field;

28. An Assembly Technician puts together bikes and Motivate LLC's other forms of transportation;

29. A Valet Attendant helps customers check out bikes;

30. A Part Time Seasonal Scooter Driver operates a cargo van to deliver scooters;

31. A Station Service Technician maintains cleanliness of street fixtures, docking stations, and advertising elements;

32. A Field Bike Mechanic performs the same duties as a Bike Mechanic repairing and maintaining bikes, but in the field;

33. Plaintiff Hector Diaz started working for Motivate LLC as a Bike Mechanic on April 5, 2022 and was paid hourly every two weeks for his work at bike depots located at Pier 40, 353 West Street, New York, New York 10014 and also at 220 36th Street, Unit 93 Brooklyn, NY 11232.

34. As a Bike Mechanic, Plaintiff's job duties included such physical tasks as: 1) picking up bikes; 2) setting them up on metal rack; 3) tightening bolts; 4) rewiring; 5) fixing brakes; 5) straightening bike frames; and 6) performing other general maintenance and repairs as needed.

35. In this role, Plaintiff spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

## RULE 23 CLASS ACTION ALLEGATIONS

36. The Proposed Class is defined as:

> All hourly, non-exempt employees paid bi-weekly by Motivate LLC in New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

37. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

38. There are more than 200 members and Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

39. Plaintiff and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

40. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

41. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

42. Plaintiff is represented by attorneys who are experienced and competent to bring this action.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

44. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

   a. What job duties are performed by employees in the position?

## AS AND FOR A CAUSE OF ACTION

### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and Proposed Class)

45. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Proposed Class.

46. Defendant failed to pay Plaintiff and the Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

47. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their

wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

48. All of Motivate LLC's depot and field-based hourly, non-exempt employees listed above are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

49. As such, the failure to provide wages owed to Plaintiff Diaz and all other similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

50. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiff under Article III that is within the federal judicial power because Plaintiff has "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

51. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action; the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure

B. Designation of Plaintiff Diaz as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Compensatory damages in an amount to be determined in this action;

D. Liquidated damages permitted by law pursuant to the NYLL.

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action;

G. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      June 27, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _/s/ Mohammed Gangat_
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and*
*Rule 23 Proposed Class*